UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-15** |
| **KENNETH JOHNSON, JR.** | **SECTION "K"(3)** |

### ORDER AND REASONS

Before the Court is the Government's Motion to Compel Reciprocal Discovery (Doc. 100) and the United States' Motion to Exclude Evidence Stemming from Reliance on Advice of Counsel Defense (Doc. 101).

As to the Government's Motion to Compel Reciprocal Discovery (Doc. 100), the Court has been informed by counsel for the defendant, that all materials have been turned over to the Government. As such,

**IT IS ORDERED** that the Government's Motion to Compel Reciprocal Discovery (Doc. 100) is **MOOT**.

As to United States' Motion to Exclude Evidence Stemming from Reliance on Advice of Counsel Defense (Doc. 101), the Court finds it is without a sufficient factual context upon which to render a decision.

As this Court has stated:

> As with all evidence, the advice of counsel defense may only be presented during trial if it is relevant. *See* Fed. R. Evid. 401. As a general rule, "[a]dvice of counsel, when given on full disclosure of all the facts and followed in good faith, may be a matter to be considered by the jury in determining the appellant's guilt." *United States v. Thaggard*, 477 F.2d 626, 632 (5th Cir. 1973). The defense may be relevant to the defendant's intent to violate the law, namely that "the defendant, on the basis of counsel's advice, believed his conduct to be lawful and thus could not be found to have had unlawful intent." *United States v. Beech-Nut Nutrition*

>*Corp.*,  871 F.2d 1181, 1194 (2d Cir. 21989).  Correspondingly, "where defendants know that their conduct is violative of state law, their wrongful purposeful purpose, *ab initio*, established beyond a reasonable doubt, leave them in no position to [utilize the advice of counsel defense ] to claim that they had no intention of violating a federal statute which, in fact, denounced the unlawful conduct as also constituting a federal crime."  *United State v. Carr,* 740 F.2d 339, 347 (5th Cir. 1984) *quoting Thaggard* 477 f.2d at 632; *see also Impastato,* 2007 WL 2463310, at *8-9 (quoting *Carr).*

*United States v. Impastato*, 543 F. Supp.2d 569, 574 (E.D.La.  2008)The Government has moved the Court to exclude any and all evidence of advice of counsel or other professional based on the conclusory contention that "this type of defense is completely unavailable in light of the facts and circumstances surrounding the criminal conduct outlined in the superseding indictment." (Doc. 101-1 at 1 of 3).  This argument is insufficient at this juncture.

The Court will deny this motion at this time with the proviso that defense counsel must lay a proper foundation for the evidence it seeks to introduce in this realm.  *See   United States v. Impastato*, 535 F. Supp.2d 732 , 739-40 (E.D.La. 2008).  Accordingly,

**IT IS ORDERED** that the United States' Motion to Exclude Evidence Stemming from Reliance on Advice of Counsel Defense (Doc. 101) is **DENIED** without prejudice to raise the issue at the appropriate time should an sufficient basis for such testimony not be established.

New Orleans, Louisiana, this 4th day of February, 2015.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**